UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DIANNA McCORMACK,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>    Defendant. | No. 07-4372 SC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter is before the Court on cross-motions for summary judgment filed by the plaintiff Dianna McCormack ("Plaintiff" or "Claimant") and the defendant Michael J. Astrue ("Defendant" or "Commissioner"). Docket Nos. 12, 13. Plaintiff submitted a Reply. Docket No. 14. Plaintiff seeks review and reversal of the Social Security Commissioner's final decision denying her claim for Social Security Disability Insurance ("SSDI") benefits. For the reasons set forth below, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Cross-Motion for Summary Judgment.

## II. BACKGROUND

### A. Procedural Background

Claimant first filed an application for SSDI benefits on February 11, 1999, claiming disability with an onset date of

February 4, 1998.  Administrative Record ("AR") at 18, 64-66. That application was initially denied, and the denial was upheld when the Appeals Council denied Plaintiff's request for review. Id. at 49-57, 61-62.

Claimant filed a second application for SSDI benefits on November 27, 2000, which was also denied initially and on reconsideration.  See id. at 236-45, 261-64.  Claimant then requested a hearing.  Id. at 246.  The hearing was held before the Administrative Law Judge ("ALJ") on April 2, 2004.  Id. at 18. Claimant testified in person at the hearing, as did a vocational expert.  Id.  Claimant was represented by counsel at the hearing. Id.

The ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act, and is therefore not eligible to receive SSDI benefits.  See id. at 18-27.  Claimant then requested review of the ALJ's decision, which the Appeals Council denied.  Id. at 4-7, 10-14.  Claimant then brought this suit seeking judicial review of that final adverse determination.  See Compl., Docket No. 1.

**B.   Factual Background**

Claimant was born on March 5, 1948, and is now 61 years old. AR at 19, 677.  She previously worked as a visiting nurse and as an office manager for a hearing aid company.  See id. at 698-700, 713-14.  Beginning with an accident in 1998, she suffered a variety of injuries and illnesses.  The details of these conditions are not material to this action, however, as Claimant does not challenge the ALJ's evaluation of the medical evidence,

2

1 or his conclusions about her residual functional capacity.  <u>See</u>
2 Mot. at 3.
3     The ALJ made the following finding regarding Claimant's
4 residual functional capacity ("RFC"):

> The claimant has the residual functional capacity to perform a significant range of sedentary work activity, lifting and carrying up to 10 lbs. frequently and 20 lbs. occasionally, sitting up to 6 hours and standing and walking up to 4 hours in an 8-hour workday, if allowed a sit-stand option and regular breaks.  The claimant would be further restricted to only occasional bending, squatting, crawling, climbing, kneeling, and stooping.  She would be restricted from temperature extremes, vibration, fumes and odors, and hazards in the workplace, and should not be required to perform repetitive tasks with foot or leg controls.

13 AR at 27.  The ALJ then concluded that this RFC would not preclude
14 Claimant from performing the activities necessary for her previous
15 relevant work.  <u>Id.</u>

17 **III. <u>LEGAL STANDARD</u>**

18     To qualify for disability benefits, a claimant must show that
19 he or she is unable "to engage in any substantial gainful activity
20 by reason of any medically determinable physical or mental
21 impairment which can be expected to result in death or which has
22 lasted or can be expected to last for a continuous period of not
23 less than twelve months . . . ."  42 U.S.C. § 423(d)(1)(A).  In
24 making this determination, "an ALJ conducts a five step inquiry."
25 <u>Lewis v. Apfel</u>, 236 F.3d 503, 508 (9th Cir. 2001) (citing 20
26 C.F.R. §§ 404.1520 & 416.920).
27     The ALJ first considers whether the claimant

3

1
2
3
4
5
6
7
8
9
> is engaged in substantial gainful activity; if not, the ALJ asks in the second step whether the claimant has a severe impairment (i.e., one that significantly affects his or her ability to function); if so, the ALJ asks in the third step whether the claimant's condition meets or equals one of those outlined in the Listing of Impairments in Appendix 1 of the Regulations [20 C.F.R. §§ 404.1520(d) & 416.920(d)]; if not, then in the fourth step the ALJ asks whether the claimant can perform in his or her past relevant work; if not, finally, the ALJ in the fifth step asks whether the claimant can perform other jobs that exist in substantial numbers in the national economy.  20 C.F.R. §§ 404.1520(b)-404.1520(f)(1) & 416.920(b)-416.920(f)(1).

10 Id.

11 Courts may set aside a decision of the ALJ if it is not supported by substantial evidence.  42 U.S.C. § 405(g); Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001).  "Substantial evidence" is the relevant evidence which a reasonable person might accept as adequate to support the ALJ's conclusion.  Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).  In order to be "substantial," the evidence must amount to "more than a scintilla," but need not rise to the level of a preponderance. Holohan, 246 F.3d at 1201.  Where the evidence could reasonably support either affirming or reversing the ALJ's decision, a court may not substitute its judgment for the ALJ's decision.  Id.

**IV.  DISCUSSION**

Claimant's challenge to the ALJ's ruling focuses entirely on the step 4 determination that her RFC would not preclude Claimant from performing the activities necessary for her previous relevant work, as she had actually performed in a specific job in the past,

4

or as generally performed in the national economy. Specifically, Claimant argues that the ALJ's conclusion at step 4 was not supported by substantial evidence because certain evidence was ambiguous or could have supported a different conclusion.

### A. Legal Framework Before The ALJ

The RFC is a summary of what a claimant can do, despite his or her mental and physical limitations. See SSR 96-8p. It "does not represent the least an individual can do despite his or her limitations or restrictions, but the most." Id. (emphasis in original); see also 20 C.F.R. § 404.1545(a)(1). After determining the claimant's RFC, the ALJ must then make a finding regarding the physical and mental demands of the claimant's past job or occupation. SSR 86-62. Finally, the ALJ must determine whether the claimant's RFC would permit a return to his or her past job or occupation. Id. At this stage, the ALJ considers whether the claimant "retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it." SSR 82-61. If the claimant cannot perform the duties of a specific job she previously held, the ALJ considers whether the claimant "can perform the functional demands and job duties as generally required by employers throughout the economy." Id. Here, the ALJ determined that Claimant's mental and physical limitations would not preclude her from performing her prior job as actually performed or as generally performed in the national economy. AR at 26-27. Claimant challenges both conclusions.

///

5

1  **B.  Claimant's Ability To Perform Past Relevant Work As Actually Performed**

After determining Claimant's RFC, the ALJ concluded that Claimant would be able to perform her previous work, as she had actually performed it prior to applying for disability.  Claimant argues that the ALJ failed to resolve ambiguity about the requirements of her previous employment, and that the ALJ had a duty to resolve those ambiguities before making a final determination on her claim.  See Mot. at 10-11.

The primary ambiguity Claimant identifies relates to the amount of weight her prior job required her to lift.  In the RFC, the ALJ determined that Claimant was capable of "lifting and carrying up to 10 lbs. frequently and 20 lbs. occasionally."  AR at 27.  In Claimant's first application for disability benefits, she indicated that the heaviest weight she had to lift was 10 pounds.  AR at 73.  In her second application, she said she was required to lift up to 50 pounds at the same job.  Id. at 279.  At the hearing, Claimant provided inconsistent testimony on this issue, initially saying she never lifted more than a few pounds:

```
Q.   And again, what's the heaviest thing you
     had to lift on that job?

A.   I would say a gallon of water and --
Q.   Maybe a stack of file[s]?

A.   I was going to say a stack of files, but
     I don't know; maybe three to four pounds.
     When I was filing, I would take a pile
     and put it on top of the filing cabinet
     and --

Q.   How much did the file weigh?

A.   I would guess two to three pounds.
```

6

1  AR at 700-01.  She later testified that the heaviest things she
2  lifted were a vacuum cleaner and boxes of batteries, weighing
3  between 25 and 30 pounds.  Id. at 714.
4      As noted above, Claimant carried the burden of proof on her
5  claim, including what the actual requirements of her prior job
6  were.  She asserts here that Social Security Ruling 82-62 required
7  the ALJ to seek additional evidence to resolve this issue.  Mot.
8  at 11; see also SSR 82-62 ("every effort must be made to secure
9  evidence that resolves the issue as clearly and explicitly as
10 circumstances permit").  However, Claimant was the only source of
11 such evidence.  See SSR 82-62 ("The claimant is the primary source
12 for vocational documentation, and statements by the claimant
13 regarding past work are generally sufficient for determining the
14 skill level, exertional demands and nonexertional demands of such
15 work.").  Claimant's testimony was internally inconsistent and she
16 has not suggested to the Court any means by which the ALJ could
17 have resolved the inconsistency.  The ALJ concluded that Claimant
18 was able to lift 10 pounds regularly and 20 pounds occasionally,
19 and that this limitation would not prevent her from performing her
20 prior work.  AR at 27.  There is substantial evidence in the
21 record, both in the documents Claimant submitted with her
22 disability applications and in her testimony at the hearing, that
23 her prior relevant work experience did not require her to lift
24 more.  See id. at 73; 700-01.
25     Claimant's argument that the ALJ's factual findings are
26 inadequate is similarly flawed.  Claimant relies on Pinto v.
27 Massanari, 249 F.3d 840, 846-48 (9th Cir. 2001), to support her
28

7

contention that the ALJ was required to make more detailed findings about her prior work than he did here.  <u>Pinto</u> is inapposite.  In that case, the ALJ relied solely on the testimony of a vocational expert to support the conclusion that the claimant was able to return to his prior work.  <u>Id.</u> at 847 ("Because the ALJ made very few findings and relied largely on the conclusions of the vocational expert, it is difficult for this Court to review his decision.").  Here, the ALJ's finding that Claimant could return to her prior work, as actually performed, was based on a citation to documentary evidence submitted by the Claimant herself, not based on the testimony of the vocational expert:

> The undersigned notes that based on her description of her "office manager" job in her original disability report, the claimant would also be able to return to her past relevant work as she <u>actually</u> <u>performed</u> the job.

AR at 26 (citing AR at 73) (emphasis in original).  As the ALJ did not rely on the vocational expert in reaching this conclusion, the <u>Pinto</u> holding has little bearing on the present matter.

In addition to Claimant's challenge regarding the amount her prior work required her to lift, she raises similar arguments regarding the amount of time spent sitting and standing, and whether or not her previous job included a "sit-stand option" as the ALJ included in the RFC.  <u>See</u> Mot. at 10-11.  The Court's conclusion is the same.  With regard to her prior employment, Claimant provided the following descriptions:

> I was up & down from my desk area all day.  I didn't sit all day or stand all day.

AR at 292.

8

> 　　　　　In the course of an eight-hour day, I did all
> 　　　　　these all day long.  It is hard to determine
> 　　　　　how many hours each.  I might have been
> 　　　　　standing one minute, then the next minute be
> 　　　　　walking and notice something on the floor, . .
> 　　　　　. bend or crouch to pick it up, then go back
> 　　　　　to my desk and sit for 20 minutes to 1/2 an
> 　　　　　hour.  I might get up again to make a copy or
> 　　　　　retrieve something from the mailroom.

Id. at 73.  Claimant also testified at the hearing that in her prior job, she could regularly alternate between sitting and standing:

> 　Q.　And did you have the option to stand and
> 　　　sit pretty much whenever you wanted?
>
> 　A.　Provided I didn't, there was, I couldn't
> 　　　sit if the doctor needed me to be
> 　　　standing at that time.
>
> 　Q.　Right.
>
> 　A.　You know, but I guess the answer is yes.

Id. at 714.  In the RFC, the ALJ determined that Claimant could only sit for up to 6 hours in a day, and stand or walk for up to 4 hours in an 8-hour workday, if allowed a sit-stand option and regular breaks.  See id. at 27.  The statements above support the ALJ's conclusion that, given Claimant's RFC, she could return to her prior relevant work.

　　That there may be evidence supporting a different conclusion is not a sufficient reason to reverse the ALJ.  Where there is substantial evidence supporting the ALJ's conclusion, the Court will not substitute its own judgment for that of the ALJ. Holohan, 246 F.3d at 1201.  Moreover, because the ALJ's conclusion regarding Claimant's previous work, as actually performed, is supported in the record, the Court need not consider Claimant's

9

objections to the ALJ's conclusions about Claimant's previous work as generally performed in the national economy. See SSR 82-61 (claimant is not disabled if she can perform the "actual functional demands and job duties of a particular past relevant job" or if she can perform the "functional demands and job duties of the occupation as generally required by employers throughout the national economy").

## V.  CONCLUSION

The Court finds that the ALJ's decision in this matter was supported by substantial evidence. For that reason, the Court DENIES Claimant's Motion for Summary Judgment and GRANTS Defendant's Cross-Motion for Summary Judgment.

IT IS SO ORDERED.

March 30, 2009

_____
UNITED STATES DISTRICT JUDGE

10